**Elton MYTEBERI, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, Respondent.**

**No. 04–1891–AG.**

United States Court of Appeals, Second Circuit.

May 26, 2006.

Sunit K. Joshi, New York, New York, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, Aixa Maldonado–Quiñones, Assistant United States Attorney, Concord, New Hampshire, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

SUMMARY ORDER

Elton Myteberi, through counsel, petitions for review of the March 2004 BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Myteberi's second motion to reopen, which he filed over five years after the Immigration Judge ("IJ") ordered him removed *in absentia.* With limited exceptions not relevant here, an alien may file only one motion to reopen removal proceedings, whether before the BIA or IJ, and the numerical bar alone constituted a sufficient reason to deny the motion. *See* 8 C.F.R. § 1003.2(c)(2); *In re Velarde–Pacheco,* 23 I. & N. Dec. 253, 256 (BIA 2002). Moreover, Myteberi's argument that the BIA's own actions compelled him to file a second motion to reopen is unavailing. Myteberi could have presented evidence of his pending immigrant visa petition and intent to file for adjustment of status to the IJ at the time of his first motion to reopen. Therefore, the BIA did not abuse its discretion in declining to stay

its decision on his appeal pending approval of the petition. Any subsequent filing based on new evidence, however it was titled and whether it was filed before or after the BIA decided the appeal, would have constituted a second motion to reopen and would therefore have been numerically barred. Finally, we lack jurisdiction to review the BIA's wholly discretionary decision not to invoke its *sua sponte* authority to reopen under 8 C.F.R. § 1003.2(a). *See Ali v. Gonzales,* 448 F.3d 515, 516 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).